RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Bernardo Villalva,                                                      :
                                                                        :     **COMPLAINT**
                                            Plaintiff,                  :     **20-CV-4491**
                                                                        :
                      -against-                                         :
                                                                        :
Spaha Pizza LLC d/b/a Lexington Pizza,                                  :
Charles Devigne, as an individual,                                      :
                                                                        :
                                            Defendants.                 :
------------------------------------------------------------------------X

Plaintiff, BERNARDO VILLALVA, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, SPAHA PIZZA LLC, and CHARLES DEVIGNE, as an individual, jointly and severally (collectively referred herein as "defendants") allege:

### NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to

pay minimum wage and/or overtime and/or by failing to pay plaintiff for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because the corporate defendants are located at 1590 Lexington Avenue, New York, NY, in the Southern District of New York, and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff BERNARDO VILLALVA to perform the following duties from on or about 2011 through March 28, 2020: preparing food, cleaning the restaurant, and making deliveries. At all times, Plaintiff spent more than half of his workday doing duties for his employer *other than* deliveries.

8. Plaintiff was not exempt from the FLSA.

9. From his hire through 2017, Defendants employed Plaintiff 12 hours a day for five days per week, for approximately 60 hours per week.

10. From 2017 through 2020, Defendants employed plaintiff for approximately five days per week for a total of 42 hours per week.

11. Defendants paid plaintiff $10 per hour for all hours worked.

12. Defendants did not pay plaintiff the required minimum wage.

13. Defendants did not pay plaintiff the required overtime.

14. Defendants paid Plaintiff his tips from deliveries at the end of each month.

15. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

16. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

17. Defendant SPAHA PIZZA LLC is a New York corporation with its principal executive office located at 1590 Lexington Avenue in New York, New York.

18. Defendant SPAHA PIZZA LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including dough, cheese, tomato sauce, dry goods, napkins, and beverages, and (2) an annual gross volume of sales in excess of $500,000.

19. SPAHA PIZZA LLC is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiffs.

20. At all relevant times, CHARLES DEVIGNE has maintained control, oversight,

and direction over plaintiff.

21. Defendant CHARLES DEVIGNE is an owner and/or officer of SPAHA PIZZA LLC. He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

22. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

23. Defendants are covered by the Hospitality wage order.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

24. Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under New York State Law.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

25. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

26. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

27. The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

28. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

29. Defendant also failed to furnish plaintiff with a tip notice, as required by law.

30. Defendants were not entitled to the tip credit because Plaintiff spent more than half of his time performing non-tipped work.

**DEFENDANTS' FAILURE TO PAY OVERTIME PAY**

31. Defendants suffered or permitted plaintiff to work over 40 hours per week. During regular workweeks, Defendants did not compensate plaintiffs for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

**DEFENDANTS' FAILURE TO PAY SPREAD OF HOURS PAY**

32. Under New York State law, the "spread of hours" is the number of hours from the time that an employee starts working on a particular day until the time that the employee ceases work for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee's spread of hours (regardless of the hours actually worked) is ten (10) hours or more.

33. Plaintiff's spread of hours was ten hours or more several days per week.

34. Defendants never paid any spread of hours pay for days in which the spread of hours was ten (10) hours per day, or more.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

35. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

36. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

37. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

38. Defendants have failed to pay plaintiff minimum wages to which he is entitled under the FLSA.

39. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

40. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

41. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

42. As a result of defendants' willful violations of the FLSA, plaintiff has suffered

damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
## (NYLL – UNPAID MINIMUM WAGES)

43. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

44. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

45. At all times relevant, plaintiffs have each been an employee of defendants, and defendants have been employers of plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46. Defendants have failed to pay plaintiff the minimum wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

47. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
(FLSA – Failure to Pay Overtime)

49. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

50. Defendants have failed to pay plaintiff premium overtime wages to which he is entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

53. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

55. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

56. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

57. Defendants have failed to pay plaintiff premium overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

58. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

60. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

61. Defendants have willfully failed to supply plaintiff with a wage notice, as

required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

62. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SIXTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Statements)**

64. Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

65. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## DEMAND FOR JURY TRIAL

67. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevention Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

  f. awarding plaintiff damages for all unpaid wages, including minimum wages, overtime wages, and spread of hours wages;

  g. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  i. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  j. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  k. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  l. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  m. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

  n. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
    June 11, 2020

_____
RAYMOND NARDO, ESQ.

RAYMOND NARDO, P.C.

By:

    129 Third St
    Mineola, NY 11501
    (516) 248-2121
    raymondnardo@gmail.com
    *Counsel for Plaintiff*