# SETTLEMENT AGREEMENT & RELEASE

This "Settlement Agreement and Release" (the "Agreement") is made between **Spaha Pizza LLC d/b/a Lexington Pizza ("Spaha Pizza") and Charles Devigne** ("Defendants"), on the one hand, and **Bernardo Villalva a/k/a "Fiero"** ("Plaintiff"), on the other hand, (collectively "Parties"), in order to resolve Plaintiff's allegations of violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), the New York Labor Law, N.Y.L.L. §§ 190, *et seq.* and §§ 650 (the "NYLL"), and to resolve all other claims that Plaintiff may have against Defendants related to the action plaintiff brought entitled **Bernardo Villalva v. Spaha Pizza LLC d/b/a Lexington Pizza and Charles Devigne, 1:20 cv 4491 (VEC) (the "Court Action")**; and

**WHEREAS,** the Defendants deny that any act of unlawful conduct occurred; and

**WHEREAS,** the parties desire to resolve the matter without the need for further litigation;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and for other valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, it is agreed between Plaintiff and the Defendants that:

1.　　In full and final settlement of all of Plaintiff's claims defined in Section 4 below and in the release attached hereto as Attachment A, and after Defendants' attorney has received the following: (i) this Agreement executed and notarized by Plaintiff (ii) Attachment A executed and notarized by Plaintiff, (iii) Attachment C executed by Plaintiff's counsel, (iv) an IRS form W-9 from Plaintiff; and (v) an IRS form W-9 from Plaintiff's attorneys, Plaintiff will be paid **$43,000** dollars (the "Settlement Amount"), as follows:

(a)　　Within thirty (30) days of Court approval of this Agreement, or December 15, 2020, whichever is later, Defendants shall deliver to Plaintiff's counsel Raymond Nardo, Esq., RAYMOND NARDO, PC at 129 Third Street, Mineola, NY 11501, two checks for a total amount of **$23,000**, as follows:

　　i.　　a check for **$15,334.00** made payable to "**Bernardo Villalva**"; and
　　ii.　　a check for **$7666.00** made payable to "**RAYMOND NARDO, PC**"

(b)　　Within sixty (60) days of Court approval of this Agreement, or January 15, 2021, whichever is later, two checks for a total amount of **$10,000**, as follows:

　　i.　　a check for **$6667.00** made payable to "**Bernardo Villalva**"; and
　　ii.　　a check for **$3333.00** made payable to "**RAYMOND NARDO, PC**"

(c)　　Within ninety (90) days of Court approval of this Agreement, or February 15, 2021, whichever is later, two final checks for a total amount of **$10,000**, as follows:

　　i.　　a check for **$6667.00** made payable to "**Bernardo Villalva**"; and
　　ii.　　a check for **$3333.00** made payable to "**RAYMOND NARDO, PC**"

(d) There will be no withholding for tax purposes from the portion of the Settlement Amount paid to Plaintiff and his attorneys pursuant to this Section 1.  It is agreed that Defendants shall issue to both Plaintiff's counsel and Plaintiff an IRS Form 1099 reflecting payments to the respective recipient of the forms. No representations have been made to Plaintiff by Defendants regarding the taxability of the monies referred to in this Section 1. Plaintiff understands that he will be responsible for paying any and all taxes related to the payments which he receives pursuant to this Agreement.  Raymond Nardo**,** PC. understands that it will be responsible for paying all taxes related to the payments which it receives pursuant to this Agreement. Further, if Plaintiff fails to so pay any such taxes, or if any taxing authority alleges that he has failed to so pay any such taxes, Plaintiff agrees and understands that, if it is determined by any federal, state or local taxing authority that any of the payments made to him are taxable wages, Plaintiff shall be fully responsible for any and all taxes, as well as any judgment or orders, fines and penalties that may be imposed on Defendants.  Plaintiff further agrees and understands that he will defend and indemnify Defendants in all such proceedings.  The taxability of the settlement monies shall not affect the validity of this Agreement.

(e)     Defendants also agree to execute the attached Affidavit of Confession of Judgment, attached hereto as Exhibit B, to the benefit of Plaintiff, for $64,500 less all Settlement Payments made under this Agreement, as well as interest at the rate of five percent per annum on the total amount owed under the Affidavit of Confession of Judgment measured from the date past due, and Plaintiff's costs and reasonable attorneys' fees in seeking such relief. Said Affidavit of Confession of Judgment will be held in escrow by Plaintiff's attorney and only utilized in the case of Defendants' default after failing to cure as provided in paragraph 1(f) herein.

(f)     In the event Defendants fail to pay any monthly payments to Plaintiff as required under paragraph 1(b) herein within 10 days of its due date, Plaintiff has the right to accelerate all monthly payments remaining owed to Plaintiff by written default notice to Defendants by delivering such notice via the United States Post Office, certified mail, return receipt requested to Defendants' attorney, James J. Cutro, Esq., Law Offices of James J. Cutro, PC, 1199 US HWY 22, Mountainside, NJ 07092. If Defendants make the payment within 10 days of the date of counsel's receipt of the default notice, then the Defendants have cured the default and may continue to make the remaining payments. If the default is not cured by Defendants', then all remaining payments are deemed accelerated and due as of the date of the default notice, and Plaintiff has the right to file and enter the Affidavit of Confession of Judgment attached hereto as Exhibit  B.

2.     Plaintiff agrees to execute the release attached hereto as Attachment A and to, subject to the limitations set forth in Section 1(e) above, withdraw with prejudice all his claims in the Court Action by authorizing his attorneys to execute and, upon receipt of the payment in Section 1(a), file the Stipulation of Dismissal with Prejudice attached as Attachment C hereto.

3.     Plaintiff agrees not to seek future employment with the Defendants.

4.     Plaintiff covenants and agrees that he will not file a lawsuit or initiate any legal proceedings against Defendants for money or other relief in connection with the claims released herein. Plaintiff further agree that if a class, collective or representative action is or has been brought against the Defendants in connection with the claims released herein and Plaintiff would be eligible to participate in such action on account of his prior employment by Defendant Spaha Pizza, LLC, he will not act as a class, collective or representative in any such action, will refrain

from opting in to any such action, and will not accept any monetary relief from any such action. Plaintiff also agrees that he is not a prevailing party under any law, rule or regulation and cannot, and will not, seek any claim for attorneys' fees or costs related to any of the released claims or the Court Action, except as set forth in this Agreement.

5.      The parties agree that they will not in any way disparage each other or solicit any comments, statements, or the like to the media or to others that may be considered derogatory or detrimental to the good name or business reputation of the other Party. Notwithstanding the foregoing, the Parties are not prohibited from making truthful statements about the Court Action.

6.      Plaintiff agrees that he fully understands his obligations pursuant to Paragraphs 2, 4, and 5, and that upon any breach of any obligation thereunder, he will be liable to Defendants for all monies paid under paragraph 1, and for all costs and expenses incurred by Defendants in defending against a suit or enforcing this Agreement, including court costs, expenses and reasonable attorneys' fees. Plaintiff further agrees that any breach of Paragraphs 2, 4, and 5 will also result in separate immediate and irreparable harm to the Defendants and, accordingly, the Defendants may, upon such breach or threatened breach, also seek an order of the Court for injunctive or equitable relief either to restrain a further breach or to ameliorate the continuing impact of any prior breach, in addition to the liquidated damages as set forth herein.

7.      Plaintiff agrees that he is barred from seeking to introduce this Agreement into evidence in any federal, state or administrative proceeding, except to prove or enforce its terms.

8.      Plaintiff acknowledges that the Defendants do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the Defendants specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to Plaintiff.

9.      This Agreement will be construed in accordance with the laws of the State of New York, and the parties further agree to submit any dispute over a breach of this Agreement, or arising out of this Agreement, solely to a court of appropriate jurisdiction in New York County, New York, without a jury trial. The Parties agree that, pursuant to the Stipulation of Dismissal attached hereto as Exhibit C, the United States District Court for the Southern District of New York will, notwithstanding the dismissal of this action, retain jurisdiction over adjudication of over a breach of this Agreement or arising out of this Agreement.

10.     The Plaintiff warrants that he is fully competent to enter into this Agreement and has been afforded an opportunity to review this Agreement with his counsel, **has had a period of twenty-one days to consider the Agreement**, that he has read and understand this Agreement, and that he has signed this Agreement, knowingly and voluntarily, understanding that among other rights he is waiving herein, he is expressly waiving any claims for unpaid wages under the NYLL and the FLSA, for which the Plaintiff acknowledges he has received proper consideration.  Plaintiff also understands and acknowledges that he has been advised to consult with an attorney regarding this Agreement and has consulted with his counsel, Raymond Nardo**,** PC.

11.     This Agreement will not become effective until the eighth day following Plaintiff's execution of the Agreement (the "Effective Date"), and the Plaintiff may at any time prior to the Effective Date revoke this Agreement by giving notice of revocation in writing

James J. Cutro, Esq, The Law Offices of  James J. Cutro, PC, 1199 US Hwy 22, Mountainside, NJ 07092 (FAX 908-408-5620), by delivering such notice via the United States Post Office, certified mail, return receipt requested, post-mark dated before the Effective Date.

12.     If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such court shall be authorized to modify the illegal, void, or unenforceable provision(s) to the minimum extent necessary to make such provisions legal, valid, and enforceable. In any event, all remaining provisions shall be fully enforceable.

13.     This Agreement is the final and binding agreement among the parties and supersedes all prior agreements.

14.     This Agreement may only be changed, waived, discharged or terminated only by an instrument in writing signed by the party against whom enforcement of any change, waiver, discharge or termination is to be sought.  No waiver of any term or provision of this Agreement will be deemed a waiver of any subsequent breach of such term or provision, or the breach of any other term or provision of this Agreement.  Failure of any party to claim default of all or any part of this Agreement by the other party, or failure to enforce all or any of its rights hereunder, will not be construed as a waiver of any subsequent claims or rights or as novation or modification in any way of this Agreement.

To signify their agreement to the terms of this Agreement the parties have executed this Agreement on the dates set forth under their signatures that appear below.  This Agreement can be executed in counterparts, and a facsimile or computer scan of the Agreement is to be deemed as good as an original.

[INTENTIONAL PAGE BREAK-AGREEMENT CONTINUES ON NEXT PAGE]

## PLAINTIFF-RELEASOR

**BERNARDO VILLALVA a/k/a FIERO**

**IN WITNESS WHEREOF, BERNARDO VILLALVA** intending to be legally bound, has hereunder set his hand and seal this __ day of _____ 2020.

Signature:_____
**BERNARDO VILLALVA**

On this _____ day of _____ 2020, before me personally came and appeared **BERNARDO VILLALVA**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

## DEFENDANTS-RELEASEES

Signature: _____
By:   **Thomas Liconte** as an authorized representative of **SPAHA PIZZA LLC**

On this _____ day of _____ 2020, before me personally came and appeared_____, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

Signature: _____
By:   **CHARLES DEVIGNE**

On this _____ day of _____ 2020, before me personally came and appeared_____, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

### Attachment A – BERNARDO VILLALVA RELEASE

**BERNARDO VILLALVA aka "Fiero"**, and his heirs, executors, administrators, successors, trustees, and assigns ("RELEASORS"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges **Spaha Pizza LLC d/b/a Lexington Pizza ("Spaha Pizza") and Charles Devigne**, and as to the foregoing business entity and individual, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASORS may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement, arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party, except as set forth in the Agreement.

**IN WITNESS WHEREOF, RELEASOR**, intending to be legally bound, has hereunder set his hand and seal this __ day of _____ 2020

Signature:_____
**BERNARDO VILLALVA**

On this ____ day of _____ 2020, before me personally came and appeared **BERNARDO VILLALVA**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

**Attachment B**

James J. Cutro, Esq.
**LAW OFFICES OF JAMES J. CUTRO, PC**
1199 Route 22 East, Suite 304
Mountainside, New Jersey 07092
(908) 408-5600
**Attorneys for Defendants**

| |
|---|
| **Bernardo Villalva,** |
|                                 **Plaintiff,** |
|               **- against -** |
| **Spaha Pizza LLC d/b/a Lexington Pizza, Charles Devigne, as an individual,** |
| **Defendants.** |

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

**THOMAS LICONTE AND CHARLES DEVIGNE**, being duly sworn, depose and say;

Deponent, Thomas Liconte, is an owner of defendant, Spaha Pizza, LLC d/b/a Lexington Pizza, and is duly authorized to make this confession of judgment on behalf of the corporate defendant herein; and

Deponent Charles Devigne, a defendant in the above-captioned action, makes this confession of judgment on behalf of himself personally.

The defendants, Spaha Pizza LLC Spaha Pizza, LLC d/b/a Lexington Pizza and Charles Devigne, hereby confess judgment herein and authorize entry thereof against defendant Spaha Pizza, LLC d/b/a Lexington Pizza and Charles Devigne, jointly and severally, in the following sum:

(a)      $64,500 less any amount paid to plaintiff under paragraph 1 of the Settlement Agreement and Release as of the date of Defendants' default, a copy of which is attached hereto;

(b)      interest at the rate of five percent per annum on the total amount owed under this paragraph (a) herein measured from the date past due, and;

(c)      plaintiff's costs and reasonable attorneys' fees in seeking this relief herein.

This affidavit of confession of judgment is for a debt justly to become due to the plaintiff arising from the following facts:  Defendants' default for failure to make installment payments under a Settlement Agreement and Release.

[FURTHER DEPONENT SAYETH NOT. SIGNATURE OF DEPONENT APPEARS ON THE FOLLOWING PAGE.]

**SPAHA PIZZA LLC**

_____

By:  **Thomas Liconte** as an authorized
representative of **SPAHA PIZZA LLC**

Sworn to before me this _____
_____ day of _____ 2020

**CHARLES DEVIGNE**

_____

Sworn to before me this _____
_____ day of _____ 2020

**Attachment C:**

James J. Cutro, Esq.
**LAW OFFICES OF JAMES J. CUTRO, PC**
1199 Route 22 East, Suite 304
Mountainside, New Jersey 07092
(908) 408-5600
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Bernardo Villalva,**<br><br>                    **Plaintiff,**<br><br>          **- against -**<br><br>**Spaha Pizza LLC d/b/a Lexington Pizza,**<br>**Charles Devigne, as an individual,**<br><br>**Defendants.** | **Civil No: 1:20 Civ. 4491 VEC**<br><br><br>**STIPULATION OF DISCONTINUANCE**<br>**WITH PREJUDICE** |

        **IT IS HEREBY STIPULATED AND AGREED** by and between counsel for the parties hereto, that no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the above-captioned action be dismissed with prejudice in its entirety without costs or attorneys fees to either party as against the other.  The parties stipulate that this Court may return jurisdiction over any dispute between the parties concerning the terms of, or alleged breach of, the Settlement Agreement and Release entered into between the parties. This stipulation may be filed without further notice with the Clerk of the Court.

| | |
|---|---|
| **Law Offices of James J. Cutro, PC**<br>    Attorneys for Defendants<br><br>By: _____<br>    **James J. Cutro, Esq.**<br><br>Dated: _____, ___, 2020 | **RAYMOND NARDO, PC**<br>Attorneys for Plaintiff<br><br>By: _____<br>    **Raymond Nardo, Esq.**<br><br>Dated: _____, __, 2020 |

SO ORDERED:

_____
USDJ